**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Linda J. CLINE, Defendant–Appellant.**

**No. 01–3748.**

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Linda J Cline, proceeding through counsel, appeals the sentence imposed upon her conviction for bank fraud in violation of 18 U.S.C. § 1344. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed Fed. R.App. P. 34(a).

Cline pleaded guilty to the above offense, pursuant to a written plea agreement, on February 20, 2001 In the presentence investigation report (PSR), the probation officer calculated Cline's offense level as 16, her criminal history category as V, and the resulting guidelines range of imprisonment as 41 to 51 months. Counsel filed objections to the PSR and moved for a downward departure under USSG § 5K2.13. At sentencing, the district court overruled Cline's objections, denied the motion for a downward departure, and imposed a sentence of 48 months in prison, 5 years of supervised release, a special assessment of $100, and restitution in the amount of $1,052,591 49

Cline's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised two issues: 1) whether Cline was incorrectly assessed one criminal history point under USSG § 4A1.1(c) for a 1991 conviction which did not result in a sentence of incarceration; and 2) whether the district court erred by denying the motion for a downward departure. Cline was notified of her right to respond to her attorney's *Anders* brief, but no response has been received by this court.

Upon review, we grant counsel's motion to withdraw because counsel has filed an acceptable *Anders* brief.

■ We conclude that the first issue raised lacks merit. Cline was properly assessed one criminal history point pursuant to § 4A1.1(c) for the 1991 conviction because that subsection may be applied regardless of whether a sentence included a term of incarceration. *See United States v. Jones*, 107 F.3d 1147, 1164 (6th Cir. 1997).

■ The second issue likewise lacks merit. The district court's decision not to

depart downward under 5K2 13 because of Cline's alleged diminished capacity evinces a purposeful decision not to depart downward and is not appealable. *See United States v. Strickland,* 144 F.3d 412, 418 (6th Cir.1998) The court considered the arguments of both sides, looked to the standard set forth at § 5K2 13(3), and denied the motion because Cline's criminal history indicated a need to incarcerate her to protect the public.

We have reviewed the record for other possible issues which would merit review and have found none.

Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment Rule 34(j)(2)(C), Rules of the Sixth Circuit.